RENDERED: MARCH 6, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0839-MR

CARL EDWIN STONE, EXECUTOR
OF THE ESTATE OF CATHERINE
STONE; BISHOP FRIEND, P.S.C.;
CARL EDWIN STONE; NORA
BROWN FRIEND,
ADMINISTRATRIX OF THE ESTATE
OF JOHN S. FRIEND; AND ROBERT
W. "JOE" BISHOP                                                APPELLANTS


                          APPEAL FROM JEFFERSON CIRCUIT COURT
v.                        HONORABLE JENNIFER WILCOX, JUDGE
                                  ACTION NO. 22-CI-004081


DEAN DAIRY HOLDINGS, LLC,
D/B/A DEAN MILK COMPANY, LLC;
JOHN O. SHELLER; STOLL KEENON
OGDEN, PLLC; AND THOMAS
PHILP                                                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, McNEILL, AND MOYNAHAN, JUDGES.

MCNEILL, JUDGE: This is a civil rights retaliation case filed pursuant to the Kentucky Civil Rights Act ("KCRA"). *See* KRS[1] 344.280. It stems from a complicated procedural history, which we will endeavor to summarize as succinctly as possible in the succeeding paragraphs.

Appellants are Carl Edwin Stone ("Mr. Stone") and Carl Edwin Stone, Executor of the Estate of Catherine Stone (the "Estate"). The remaining Appellants are [Attorney] Robert W. "Joe" Bishop, Nora Brown Friend, Administratrix of the Estate of [Former Attorney] John S. Friend, and [Law Firm] Bishop Friend, P.S.C. Attorney, Former Attorney, and Law Firm either represent, or represented, Mr. Stone and the Estate. They are collectively referred to herein as "Counsel."[2]

Appellees are Dean Dairy Holdings, LLC, d/b/a Dean Milk Company, LLC; Thomas Philp; Stoll Keenon Ogden PLLC ("SKO"); and John O. Sheller (collectively referred to as "Appellees").

---

[1] Kentucky Revised Statutes.

[2] The Jefferson Circuit Court in the present case disqualified Counsel pursuant to Kentucky Supreme Court Rule ("SCR") 3:130(3.7)(a) ("Lawyer as witness"). It provides in relevant part that "[a] lawyer shall not act as [an] advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . ." Because our ultimate holding in this case is based on the filing of a delinquent complaint, the issue of attorney disqualification is moot.

The Jefferson Circuit Court granted Appellees' motion to dismiss for failure to state a claim under CR[3] 12.02(f), on the basis that the Complaint was filed outside of the relevant statute of limitations. *See* KRS 413.245 (one-year limitations period applying to cases arising from "professional services"). Appellants appeal to this Court as a matter of right. For the following reasons, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Before we address the facts and issues in the ***present case***, we must first address the facts and procedural history in a ***preceding case(s)***, which have been summarized by a panel of this Court as follows:

> Cathy Stone was employed by Dean Dairy Holdings, LLC ("Dean Milk"), and, on July 15, 2015, filed an action against Dean Milk and Thomas Philp, her former supervisor, based on claims of discrimination, retaliation, and intentional infliction of emotional distress. Dean Milk and Mr. Philp removed the case to the United States District Court for the Western District of Kentucky on August 10, 2015, alleging that Mr. Philp was fraudulently included as a party to the action to prevent the federal court from having diversity jurisdiction.

> Thereafter, on September 5, 2015, Ms. Stone passed away. On December 21, 2015, Carl Edwin Stone, Ms. Stone's husband, filed a motion to substitute Mr. Stone as the named plaintiff in the action and in compliance with Federal Rules of Civil Procedure (FRCP) 25(a). In March 2016, the federal court granted

---

[3] Kentucky Rules of Civil Procedure.

Mr. Stone's motion and remanded the case to Jefferson Circuit Court on the basis that Ms. Stone had a colorable claim for retaliation against Mr. Philp.

On September 14, 2016, a few days after the one year anniversary of Ms. Stone's death, Dean Milk and Mr. Philp filed a motion under Kentucky Rules of Civil Procedure (CR) 12.02(f) to dismiss the lawsuit, alleging that Mr. Stone, as executor of Ms. Stone's estate (the "Estate"), had failed to file an application for revival of the action within one year of Ms. Stone's death as required under Kentucky Revised Statutes (KRS) 395.278. The Estate did not file a motion to revive the action under KRS 395.278 with the trial court until January 26, 2017, over sixteen months after Ms. Stone's death.

The trial court granted the motion, finding that Ms. Stone's claims must be dismissed because the Estate failed to properly revive the action in accordance with KRS 395.278 and in contravention of the statute's one-year statute of limitations. The Estate thereafter filed a motion to alter, amend, or vacate the trial court's ruling, which the trial court denied. This appeal followed.

*Stone Through Stone v. Dean Dairy Holdings, LLC*, No. 2017-CA-001179-MR, 2018 WL 6579338, at *1 (Ky. App. Dec. 14, 2018), *review granted, cause remanded* (Dec. 8, 2021) (*Stone I*). *Stone Through Stone v. Dean Dairy Holdings, LLC*, 638 S.W.3d 877, 879 (Ky. App. 2022) (*Stone II*) (On remand, "we reverse the circuit court's order granting Dean Milk's motion to dismiss for failure to revive and denying the Estate's motion to substitute and revive.").

-4-

Dean Dairy Holdings, LLC subsequently filed for Chapter 11 bankruptcy ("Bankruptcy Case"). None of the parties in the present appeal make any claims regarding the status of the Bankruptcy Case or *Stone II*.

Appellee filed the present action (*Stone III*), on August 7, 2022, alleging a retaliation claim under the KCRA. The basis for this claim was a motion and letter tendered by opposing counsel in the *Stone I* case, pursuant to CR 11. That motion was held in abeyance on October 4, 2017. In its order that is the subject of the present appeal, the Jefferson Circuit Court summarized the facts and issue as follows:

> In the instant action, the Plaintiffs claim that in [*Stone I*], Dean Dairy and Mr. Philp retained SKO as counsel of record, and that immediately, SKO engaged in "legally unjustified scorched earth tactics against Ms. Stone, a civil rights plaintiff struggling with cancer." Plaintiffs in the instant action claim the Defendants retaliated against them in violation of KRS 344.280. Specifically, Plaintiffs claim that Defendants illegally retaliated against the Plaintiffs when they filed an unjustified Rule 11 motion and sent Plaintiffs a letter threatening to seek "additional fees" from Plaintiffs if they did not "cease the [falsely alleged] inappropriate prosecution of [the] appeal." Plaintiffs also claim that the Defendants retaliated by threatening to file a separate civil lawsuit against the Plaintiffs if their Rule 11 motion was unsuccessful. The Defendants now move this Court to dismiss the Plaintiffs' claims against them pursuant to CR 12.02 for failure to state a claim upon which relief can be granted.

Relying primarily on *Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d

188 (Ky. 2020) (*Seiller*), the circuit court ultimately held:

> Like the preparation of the mechanic's lien in
> [*Seiller*], the preparation and pursuit of the Rule 11
> Motion at issue here constitutes "professional services"
> as defined in KRS 413.243. Thus, because Plaintiffs'
> retaliation claim stems from acts or omission in
> rendering, or failing to render "professional services" for
> others, the one-year statute of limitations provided for in
> KRS 413.245 is applicable to Plaintiffs' retaliation
> claims.
>
> Plaintiffs' statute of limitations to file a retaliation
> claim against the Defendants expired on October 4, 2018,
> one-year after the court in [*Stone I*] held SKO's Rule 11
> motion in abeyance.

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which

relief may be granted is a pure question of law, a reviewing court owes no

deference to a trial court's determination; instead, an appellate court reviews the

issue de novo." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted).

Accordingly, "the pleadings should be liberally construed in the light most

favorable to the plaintiff, all allegations being taken as true." *Id.* (internal

quotation marks and citation omitted).

## ANALYSIS

Although a procedurally complex case, the dispositive legal issue here

is straightforward: whether the one-year statute of limitation for professional

services applies (KRS 413.245), or whether the five-year statute of limitation period for statutory actions applies (KRS 413.120(2)).[4]  Appellees argue for application of the former, as it would render the Complaint filed in the present case delinquent.  Appellants argue for the latter, which would render their claims under the KCRA at least timely.[5]  In affirming the circuit court, we find in favor of the former.  KRS 413.245 provides as follows:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.  Time shall not commence against a party under legal disability until removal of the disability.[6]

This provision has been applied in two primary cases.  *Abel v. Austin*, 411 S.W.3d 728 (Ky. 2013); and *Seiller.*  Each will be discussed in turn.

---

[4]  *See Walker v. Commonwealth*, 503 S.W.3d 165, 172 (Ky. App. 2016) ("Kentucky law states that actions 'upon a liability created by statute,' such as the KCRA, 'shall be commenced within five (5) years after the cause of action accrued[.]'  KRS 413.120(2).  An action for discrimination or retaliation accrues on the date the act of discrimination or retaliation occurs.").

[5]  We do not address the merits of the present action in any way.

[6]  No party argues that the exception under KRS 413.140 applies here.  In any event, that provision is also governed by a one-year limitations period.

*Abel* involved a lawsuit brought by clients against their attorney and law firms for fraud, misrepresentation, and breach of fiduciary duty, alleging wrongful withholding of settlement proceeds from a previous action. *Abel*, 411 S.W.3d at 730. The Kentucky Supreme Court held that the one-year statute of limitations for professional services under KRS 413.245 was the exclusive statute governing the underlying claims. *Id*. at 738. The Court found "no reason to believe that the General Assembly intended to subject claims of attorneys' misconduct to two different limitations periods." *Id*. The Court emphasized that when two statutes of limitation are presented, the more specific, more recently enacted one (KRS 413.245) controls over the general provision (*i.e.*, the five-year period in KRS 413.120). *Id*.

*Seiller* involved a lawsuit brought against attorneys who, during the course of a building-repair dispute, prepared and filed a materialman's and mechanic's lien on behalf of their clients. *Seiller*, 610 S.W.3d at 194. The complaint included various claims, including allegations of malice. *Id*. at 202-03. The Jefferson Circuit Court dismissed the case as untimely filed under KRS 413.245, as the basis for the underlying claims constiuted professional services, albiet for an adverse party. *Id*. at 194. The Court of Appeals affirmed in part and reversed in part. *Id*. at 205. The Kentucky Supreme Court ultimately reinstated the circuit court's dismissal order and reasoned as follows:

> The Court of Appeals' conclusion that KRS 413.245 is limited to claims free from malice cannot be discerned from the plain language expressed in the statute. The statute does not refer to malice or contain any language from which the presence or absence of malice might be inferred as relevant to the statute's applicability. . . .
>
> . . . .
>
> By its plain, unambiguous language, KRS 413.245 applies to civil actions arising out of any act or omission in rendering or failing to render professional services. Nothing in the statute limits its application to only those claims brought by individuals or entities who engaged the professional to provide such services. KRS 413.245 thus applies to *any* civil action against an attorney arising out of any act or omission in rendering or failing to render professional services without regard to the identity of the claimant.

*Seiller*, 610 S.W.3d at 204-05.

The thrust of the Appellants' argument to the contrary is that their claim "is not swallowed by KRS 413.245 because it is not rooted in common law." Although Appellants are correct in that they are pleading a cause of action under the KCRA, this does not alter the nature or nucleus of the underlying professional services from which that cause of action stems. Indeed, our review of the binding authority here makes no distinction between common law and statutory actions.[7]

---

[7] *See also Edmondson v. Womack*, No. 2021-CA-0354-MR, 2023 WL 446891 (Ky. App. Jan. 27, 2023) (applying KRS 413.245 to claim against attorney alleging fraud or mistake, rather than five-year limitaion period under KRS 413.120); and *Holt v. Thompson Hine, LLP*, No. 2017-CA-

In the present case, the filing of a CR 11 motion—as well as the attendant conduct alleged in the Complaint—consitutes "professional services" pursuant to KRS 413.245. In consideration of the parties' arguments and the aforementioned case law, we have been presented with no binding authority that would require reversal in this instance. Thus, the filing of the present case was untimely. All remaining issues are moot.

## CONCLUSION

For the foregoing reasons, we AFFIRM the circuit court's dismissal order entered on May 29, 2024.


ALL CONCUR.

---

1245-MR, 2021 WL 3117129, at *3 (Ky. App. Jul. 23, 2021) (holding that "professional services [] undertaken for improper and illegal purposes does not exempt these services from KRS 413.245 any more than professional acts committed with malice would be."). We cite these cases pursuant to Kentucky Rule of Appellate Procedure ("RAP") 41 for informational purposes only.

BRIEFS FOR APPELLANT:

Lauren Freeman
Louisville, Kentucky

Robert W. Bishop
Louisville, Kentucky

Frank H. Tomlinson, *Pro Hac Vice*
Birmingham, Alabama

Steven J. Parsons, *Pro Hac Vice*
Las Vegas, Nevada

BRIEF FOR APPELLEE:

John W. Phillips
Katherine T. Watts
Ryan D. Nafziger
Louisville, Kentucky